John D. Bennett, S.
This is an accounting proceeding in which a claim by the mother of the decedent is being contested by the decedent’s wife as administratrix of the estate.
There appears to be little dispute that the claimant did transfer to decedent the sum of $7,000 as alleged. The administratrix and the special guardian of the infant children of decedent contend that the transfer of the money was a gift or, at least, that the proof is as consistent with the theory of a gift as it is with that of a loan.
The court conducted a hearing in this matter for two days and in the course of such hearing, a certain letter was received in evidence as Exhibit No. 29 over objection of counsel for the administratrix. In the memorandum submitted for the petitioner, the court is requested to reconsider its ruling and strike the said exhibit from the record.
The question of whether a client is bound by admissions of his attorney is summed up in McCormick on Evidence (§ 244, p. 520) as follows: “If an attorney is employed to manage a party’s conduct of a lawsuit he has prima facie authority to make relevant judicial admissions by pleadings, by oral or written stipulations, or by formal opening statements which, unless allowed to be withdrawn, are conclusive * # * it is *426 often said that the client is not ‘ bound ’ by ‘ casual ’ statements of his attorney out of court * * * The older cases manifest a natural if unconscious tendency to protect a client against the hazard of evidence of statements by his attorneys more strictly than in respect to statements by other types of agents. The later cases, properly it seems, measure out-of-court admissions by the same tests of express or implied authority as would be applied to other agents, and when they meet these tests admit as evidentiary admissions the statements of attorneys in letters or oral conversations made in the court of efforts for the collection or resistence of claims, or negotiations for the settlement of suits or controversies, or in the management of any other business in behalf of the client.”
When Exhibit No. 29 was presented to the court, it appeared to be an admission made in the course of negotiations of the attorney for the estate for the settlement of the claim and in that capacity it was admitted in evidence. As the testimony later developed, the purpose of this letter was not the recognition of the claim but to secure data with which to include such claim in the tax schedule of the estate. For this purpose the alleged statement of the administratrix may not have been intended to be conveyed to the claimant and so may be inadmissible.
It is clear that if Mr. Kirby, the attorney for the estate, had been called as a witness, he- could have been examined on the statement alleged to have been made to him by his client as then he would be testifying directly to an admission by the administratrix, unless such communication was confidential.
Because of this doubt as to the admissibility of the letter, the court grants the motion to strike Exhibit No. 29 from the record. Excluding this exhibit, the testimony remaining establishes the claim of decedent’s mother for a.loan by clear and convincing evidence. The listing of this claim as a loan in the tax proceeding carries weight with the court and the court cannot believe that the administratrix would have permitted the claim of decedent’s mother to be listed as a loan if it were in fact a gift.
It is quite possible that the decedent’s widow did not expect that the claimant would demand repayment of this money and may have anticipated that the transaction might culminate in a gift by forgiveness of the indebtedness. Such situations are not uncommon in family transactions but have no legal effect upon the rights of the claimant to enforce payment if she so elects.
*427 The court allows the claim of $7,000 with interest of $1,319.31. This determination may be included in the decree settling the account herein or in a separate order settled on five days ’ notice as counsel may desire.