■    GREGORIO BARRETO, Respondent, v. JOSE F. CALDERON et al., Appellants, and BICKFORD'S INC., Respondent.— Judgment entered December 20, 1967 reversed on the law and facts and new trial ordered, with costs to abide the event. Plaintiff, while crossing a street at an intersection controlled by a traffic light, was struck successively by motor vehicles operated by respective appellants Calderon and Hunt. The issues of negligence and contributory negligence were submitted to the jury in an appropriate charge. Jury deliberations commenced at 11:20 in the morning and with interruptions for lunch and dinner continued until 10 in the evening. The jurors were then dismissed and deliberations resumed the following morning. Shortly thereafter they requested a definition of the phrase " preponderance of evidence." After the court had complied with the request and in the absence of the jury, counsel for plaintiff requested that the doctrine of emergency be charged (cf. PJI 2:14). Over the strenuous objections of defense counsel the jury was summoned to the court room and (some 23 hours after the case had been submitted) instructed

at length on the legal principles applicable to an emergency as it related to plaintiff or either defendant. Theretofore, in neither pleadings, bill of particulars, proof nor requests to charge, had any party claimed that he had been confronted with an emergency. Thirty minutes after receiving the supplemental instructions a verdict was returned in favor of plaintiff against all remaining defendants. We conclude that this unorthodox procedure was prejudicial to appellants. It is recognized that a trial court has broad power to recall a jury and give further instructions either on its own initiative or in response to communications received from the body (8 Carmody-Wait 2d New York Practice, § 57:21). Here, however, the importation into the case (after the passing of so many hours) of an entirely new legal principle was detrimental to the administration of even-handed justice. Concur — McNally, Steuer and Bastow, JJ. Capozzoli, J. P., and Nunez, J., dissent in the following memorandum by Nunez, J.: Nunez, J. (dissenting). The trial court did not abuse its discretionary right to recall the jury to charge the emergency doctrine. Under the facts as they appear in this record concerning the manner of the happening of the accident, there was nothing unorthodox nor was the charge prejudicial to appellants. The Judge specifically stated that the rule applied to plaintiff and to the defendants. That the trial court had the power to recall the jury for further instructions is well settled (*Phillips* v. *New York Cent. & Hudson R. R. Co.*, 127 N. Y. 657, 658; 8 Carmody-Wait 2d, New York Practice, § 57:21). In this negligence action, all issues as to liability only were properly submitted by the court and determined by the jury. I see no valid reason to disturb the verdict. The judgment should be affirmed.