█ RICHARD A. CARLINO, Appellant-Respondent, v CITY OF ALBANY, Respondent, and COUNTY OF ALBANY, Respondent-Appellant.—Yesawich, Jr., J. (1) Cross appeals from an order of the Supreme Court at Special Term (Williams, J.), entered March 20, 1985 in Albany County, which denied plaintiff's motion for partial summary judgment against defendant City of Albany and defendant County of Albany's cross motion for summary judgment dismissing the complaint against it, and (2) appeal from an order of said court, entered June 11, 1985 in Albany County, which, upon reargument, granted defendant County of Albany's motion and defendant City of Albany's cross motion for summary judgment dismissing the complaint.

On August 19, 1983, plaintiff was injured when a moped he was driving on US Route 9W in the City of Albany struck a rut located between the shoulder of the road and the roadway. In his subsequent injury suit against defendants City of Albany and County of Albany, plaintiff charged that each municipality had breached a duty to maintain the road by failing to repair the rut.

Special Term's dismissal of the complaint, upon reargument, rests on the court's conclusion that the prior notice provisions of the pertinent city and county local laws were constitutional and, concededly, not complied with by plaintiff, and that there was no evidence that either defendant affirmatively created the defect. Plaintiff alone appeals from that determination. The county has appealed from the court's earlier denial of its cross motion for summary judgment; Special Term reasoned there that triable issues of fact existed respecting which municipality was responsible for maintaining the roadway at the site of the accident.

Plaintiff's contention that the prior notice provision in Local Laws, 1953, No. 1 of City of Albany § 1 (hereinafter the city's local law) conflicts with Second Class Cities Law § 244 and, therefore, is unconstitutional has already been confronted by this court and resolved. In *Fullerton v City of Schenectady* (285 App Div 545, 547, *affd* 309 NY 701, *appeal dismissed* 350 US 980), no such conflict was found to exist since the dictates of the Second Class Cities Law only apply, by the statute's own terms, "until * * * superseded pursuant to the municipal home rule law" (Second Class Cities Law § 4). The city's local law is superseding and, hence, enforceable.

*Fullerton* also disposes of plaintiff's alternative argument that the city's local law violates Court of Claims Act § 8 in that, by requiring prior notice, the city seeks to have its liability decided in accordance with rules different from those applicable in actions brought in Supreme Court against individuals or corporations. In *Fullerton,* (p 548), it was observed that the waiver of sovereign immunity effected by Court of Claims Act § 8 "in nowise alters the situation", namely, the constitutionality of the City of Schenectady's prior local law, for it "merely applies to areas where before its enactment a defense of sovereign immunity might have been interposed" *(Fullerton v City of Schenectady, supra,* p 548). That reasoning disposes of not only plaintiff's challenge to the city's local law, but also his objection on the same ground to the efficacy of Local Laws, 1981, No. 2 of County of Albany (hereinafter the county's local law). There being no infirmity in the city's prior local law, and no substance to plaintiff's suggestion that affirmative acts by either defendant created the complained-of condition, dismissal of plaintiff's action as against the city was obviously warranted.

With respect to the county's defense that plaintiff violated the county's local law requiring prior notice, plaintiff maintains that the county's local law violates not only Court of Claims Act § 8, but also Highway Law § 139. In treating the city's contentions, we rejected the former argument. As for the latter concern, Highway Law § 139, as amended in 1982 (L 1982, ch 722),* permits counties to enact prior notice provisions, but allows for tort recovery in the absence of prior written notice if the county had constructive notice. Construc-

---

* Since the law is general *(see, Holt v County of Tioga,* 56 NY2d 414, 418), as well as of State concern, the county's assertion that the 1982 general amendment was improperly enacted without two-legislative-session approval is unpersuasive *(see, Floyd v New York State Urban Dev. Corp.,* 33 NY2d 1, 6).

tive notice is deemed to occur where "such defective, unsafe, dangerous or obstructed condition existed for so long a period that the same should have been discovered and remedied in the exercise of reasonable care and diligence" (Highway Law § 139 [2]). Petitioner argues that the omission of this language from the county's local law renders it unconstitutional by reason of NY Constitution, article IX, § 2 (c) (6).

Not only is there an " 'exceedingly strong presumption' " that a local law is constitutional *(Holt v County of Tioga,* 56 NY2d 414, 417, quoting *Lighthouse Shores v Town of Islip,* 41 NY2d 7, 11), but it is an elementary tenet of statutory construction that whenever possible the constitutionality of a law is to be upheld *(see, e.g., People v Finkelstein,* 9 NY2d 342, 345; McKinney's Cons Laws of NY, Book 1, Statutes § 150). Here, there is no clear inconsistency between the statute and the county's local law; the county's local law does not expressly prohibit civil actions which have their provenance in constructive notice. Accordingly, rather than invalidate the county's local law, we interpret it as providing for constructive notice.

Whether the county did indeed have constructive notice of the defect is a contested fact issue, for plaintiff's expert, a civil engineer with experience in traffic safety and accident investigation, attests that the defective road condition resulted from lack of maintenance or repairs, existed for many months before the accident, and should have been discovered and remedied by the responsible entity long before it occurred. Similarly, whether it is the county, the city or the State (against whom plaintiff is proceeding in the Court of Claims) that is obligated to maintain this particular segment of the highway, also presents a material, triable factual question, precluding summary judgment. Although the county claims that in 1953, when construction of a Thruway interchange ended, care of the roadway reverted, pursuant to Public Authorities Law § 359 (4), to the city, there is proof to the contrary in that the State, when it appropriated property for Thruway construction, listed both the city and the county as owners of the road. Moreover, a 1914 resolution by the county's Board of Supervisors refers to construction of the highway as a county highway, with its cost to be apportioned between the city and the county.

Order entered March 20, 1985 affirmed, without costs.

Order entered June 11, 1985 modified, on the law, without costs, by reversing so much thereof as granted defendant

County of Albany's motion for summary judgment; said motion denied; and, as so modified, affirmed. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.