■ RICHARD A. CARLINO, Respondent, v COUNTY OF ALBANY, Appellant.—Kane, J. P. Appeal from a judgment of the Supreme Court (Cheeseman, J.), entered March 22, 1988 in Albany County, upon a verdict rendered in favor of plaintiff.

Plaintiff initially commenced this negligence action against two defendants, the City of Albany and the County of Albany. The action arose out of injuries plaintiff sustained when he was thrown from the moped he was riding on United States Route 9W (also referred to as Southern Boulevard). Plaintiff claimed that both the city and the county were responsible for maintaining the portion of the road where the accident occurred and that their failure to do so caused plaintiff's injuries. Prior to trial, plaintiff's action against the city was dismissed due to his failure to comply with statutory notice requirements. The dismissal was affirmed by this court in *Carlino v City of Albany* (118 AD2d 928, *lv denied* 68 NY2d 606).

After the close of the evidence at trial, Supreme Court did not submit the question of who was responsible for maintaining the road to the jury, but instead charged the jury that the county was the party responsible for maintaining the road. Thereafter, the jury returned a verdict finding the county negligent and awarding plaintiff damages. This appeal by the county ensued.

In our view, the evidence presented at trial created issues of

fact with respect to the question of whether the county owned the road and whether it was responsible for its care and maintenance. Accordingly, Supreme Court erred in failing to submit this question to the jury. The question of ownership or responsibility for maintaining the road was crucial to a finding of liability on the part of the county. As we have noted, " 'a municipality will not be held [responsible] for negligent design or maintenance of a highway it does not own or control in any way' " (DiStefano v Donahue, 124 AD2d 322, 323, quoting Ossmer v Bates, 97 AD2d 871, 872). Therefore, the error in the charge requires that the matter be remitted for a new trial (see, Navarro v City of New York, 136 AD2d 483, 485).

While plaintiff presented testimony and evidence from which it could be inferred that the county was responsible for the road, the county presented its own testimony and evidence to dispute plaintiff's assertions. Upon a review of the record, the evidence presented by the county was sufficient to require that the issue of ownership or responsibility for the road be submitted to the jury as a question of fact and the failure of Supreme Court to do so precluded the jury from performing its function of deciding factual questions (see, Cherubini v Testa, 130 AD2d 380, 382-383).

Furthermore, we note that when this matter was previously before us (see, Carlino v City of Albany, supra), we determined that a triable issue of fact existed as to whose responsibility it was to maintain the road (supra, at 930). It was pointed out that the State listed both the city and county as owners of the road when it appropriated the road for construction of the Thruway, and that a 1914 resolution relied upon by plaintiff which concerned the original construction of the highway apportioned the cost between the city and the county (supra). This exact evidence, along with other evidence and testimony by the county, was also presented at trial.

Since there is to be a new trial, it is unnecessary to reach the county's remaining contentions.

Judgment reversed, on the law, and matter remitted to the Supreme Court for a new trial, with costs to abide the event. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.