■ RICHARD A. CARLINO, Respondent, v COUNTY OF ALBANY, Appellant.—Levine, J. Appeals (1) from an order of the Supreme Court (Kahn, J.), entered December 11, 1989 in Albany County, which, *inter alia,* denied defendant's motion to set aside a verdict rendered in favor of plaintiff, and (2) from the judgment entered thereon.

This matter has been before us on two previous occasions. On the first appeal *(Carlino v City of Albany,* 118 AD2d 928, *lv denied* 68 NY2d 606), we reversed an order granting summary judgment to defendant, the County of Albany, concluding, *inter alia,* that there was a triable issue of fact as to whether it was obligated to maintain the particular segment of U.S. Route 9W (also known as Southern Boulevard) in the City of Albany where plaintiff's accident occurred. On the second appeal *(Carlino v County of Albany,* 148 AD2d 844), we reversed a judgment in plaintiff's favor because Supreme Court charged the jury that, as a matter of law, the County was responsible for maintaining the portion of the highway in question. We held that "the evidence presented at trial created issues of fact with respect to the question of whether the county owned the road and whether it was responsible for its care and maintenance" *(supra,* at 844-845).

Upon retrial, the issue of the County's responsibility for the alleged defect in the highway causing plaintiff's injury was submitted to the jury and a verdict was rendered fixing an amount for plaintiff's past pain and suffering at $50,000, and apportioning 65% of the culpability to the County and 35% to plaintiff. This appeal by the County followed.

On appeal, the County argues that its motion for a directed verdict should have been granted because of plaintiff's failure to establish that the location of the accident was within any portion of Southern Boulevard for which the County had responsibility. Plaintiff, however, testified that the accident occurred on Southern Boulevard at a point between the entrance to the Doane Stuart School and the entrance to the State Thruway Authority headquarters. The evidence of the County's ownership of that portion of the highway introduced at the trial was the same as that reviewed and found sufficient to present a triable issue on the previous appeals. The only new argument made by the County on this issue was that the accident occurred on the portion of Southern Boulevard which was condemned by the State and relocated for the construc-

tion of the State Thruway and exit 23 of the Thruway, and was not restored thereafter to the County's ownership and control. Thus, according to the County, the State owned and controlled the portion of Southern Boulevard where the accident occurred. This contention fails, however, under the provisions of Public Authorities Law § 359.

Pursuant to Public Authorities Law § 359 (3), the State Thruway Authority is empowered to "relocate intersecting highways" and the appropriation of the portion of Southern Boulevard was for that purpose. Under section 359 (4), however, highways "combined, relocated or carried over or under a thruway section or connection * * * under the provisions of the preceding subdivision, shall, upon completion of the work, revert to and become the responsibility, with regard to maintenance and repair, of the * * * municipality * * * formerly having jurisdiction thereover." Thus, the applicable statutory provision unambiguously provided for the State's divestiture of any portion of Southern Boulevard that had been appropriated for relocation and provided for its subsequent reversion to the municipality "formerly having jurisdiction thereover" (Public Authorities Law § 359 [4]).

It further follows that Supreme Court did not err in charging Public Authorities Law § 359 (4) to the jury after it had begun deliberations, in response to the jury's request to be reinstructed regarding divestiture of the County's ownership of the highway. That section was clearly applicable and should have been charged in the first instance. A trial court has broad discretion to recall a jury to give appropriate corrective or supplemental instructions applicable to the case (see, Phillips v New York Cent. & Hudson Riv. R. R. Co., 127 NY 657, 658; Barreto v Calderon, 31 AD2d 896, 897). The issue of the divestiture of Southern Boulevard as a result of the Thruway construction, and its reversion to the County, had been in the case from its inception (see, Carlino v City of Albany, 118 AD2d 928, supra) and was the subject of testimony during the trial. Therefore, the County cannot validly claim that it was prejudiced by Supreme Court's interjection of some novel, unanticipated theory after the jury began deliberations (cf., Barreto v Calderon, supra).

We have considered the County's remaining assertions of error in the conduct at trial and find them equally unpersuasive. Nor do we agree with the County's claim that the jury's verdict for plaintiff's past pain and suffering was excessive. Plaintiff suffered a severe fracture of his ankle which required the surgical insertion and later removal of metal screws. He

described experiencing severe pain at the time of the accident and while undergoing physical rehabilitation, and residual pain and resultant limitation on physical activities up to the time of trial some six years after the accident. We cannot conclude that the award materially deviated from reasonable compensation for the foregoing past pain and suffering *(see,* CPLR 5501 [c]).

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur. Ordered that the order and judgment are affirmed, with costs.