■ DEBRA GUARRACINO, Appellant, v CENTRAL HUDSON GAS & ELECTRIC CORPORATION, Respondent. [712 NYS2d 389] —In an action to recover damages for personal injuries, etc., the plaintiff appeals from a judgment of the Supreme Court, Dutchess County (Hillery, J.), entered March 9, 1999, which, upon the granting of the defendant's motion for judgment as a matter of law made at the close of the plaintiff's case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The Supreme Court properly granted the defendant's motion for judgment as a matter of law as the plaintiff failed to establish a prima facie case of res ipsa loquitur. The plaintiff failed to demonstrate either (1) that the accident was of a kind which ordinarily does not occur in the absence of someone's negligence, or (2) that it was caused by an instrumentality within the exclusive control of the defendant (*see, Kambat v St. Francis Hosp.,* 89 NY2d 489; *Thompson v Pizza Hut,* 262 AD2d 302; *Bonventre v Max,* 229 AD2d 557).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Joy and Thompson, JJ., concur.

Goldstein, J., dissents and votes to reverse the judgment appealed from, on the law, and to grant the plaintiff a new trial, with the following memorandum: The plaintiff claims that she sustained personal injuries when a live electric cable snapped off a utility pole and fell on a car, in which she was a passenger, as the car proceeded down Route 55 in Orange County, in good weather. The defense counsel, in his opening statement, argued that the defendant could not be found liable for negligence because "when the wire fell the electricity cut out, the circuit breaker kicked off the electricity, which is Central Hudson's practice * * * their system worked". At the close of the plaintiff's case, after the plaintiff described the accident, the defendant moved to dismiss, arguing there was no proof it owned the cable, and no proof "that wires don't come down periodically". The plaintiff, in opposition, argued that "at the deposition, they admitted it was their power pole", and that the doctrine of res ipsa loquitur applied. The court dismissed the action without stating its reasons.

The defendant's control over the wire in issue was acknowledged by the defense counsel in his opening statement (*see, Echevarria v Cromwell Assocs.,* 232 AD2d 347), which constituted a judicial admission (*see, Matter of Hodgkinson,* 18 Misc 2d 425; *Hake v Wiedemann Brewing Co.,* 23 Ohio St 2d 65, 262 NE2d 703).

Further, liability for falling electrical wires can be predicated on the doctrine of res ipsa loquitur (*see, Russell v New York State Elec. & Gas Corp.,* 276 App Div 44, 47-48, *affd* 301 NY 593; *Wolfe v Rochester Tel. Corp.,* 258 App Div 845; *Weiss v Brooklyn Edison Co.,* 253 App Div 746; *O'Flaherty v Nassau R. R. Co.,* 34 App Div 74, *affd* 165 NY 624; *Houle v Helena Gas & Elec Co.,* 31 F2d 671; *Snyder v Wheeling Elec. Co.,* 43 W Va 661, 28 SE 733; 1A PJI 2:206).

The elements of res ipsa loquitur are (1) the event is of a kind which ordinarily does not occur in the absence of someone's negligence, (2) it must be caused by an agency or instrumentality in the exclusive control of the defendant, and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff (*see, Ebanks v New York City Tr. Auth.,* 70 NY2d 621). The first two elements were established by the defendant's opening statement, and the circumstances of the accident (*see, Wolfe v Rochester Tel. Co., supra; Weiss v Brooklyn Edison Co., supra*). The third element was established by the plaintiff's testimony.

The defendant's contentions, that wires can fall in the absence of negligence, and that it did all it could to ensure the safety of the wires, are not supported by the record, because the court dismissed the action before the defendant could present its defense. If evidence in support of those contentions had been admitted, such evidence would have presented issues for resolution by the jury as the finder of fact (*see, Wolfe v Rochester Tel. Co., supra; Weiss v Brooklyn Edison Co., supra*).

In view of the foregoing, the trial court improperly dismissed the complaint at the close of the plaintiff's case. The plaintiff is entitled to a new trial.

Feuerstein, J., dissents and votes to reverse the judgment appealed from, on the law, and to grant the plaintiff a new trial, with the following memorandum: Although I agree with Justice Goldstein that the plaintiff is entitled to a new trial, I find that the critical error was the trial court's refusal to allow the plaintiff to reopen her case in order to present evidence of the defendant's exclusive control of the wire. Contrary to Justice Goldstein's conclusion, I do not find that there was a "judicial admission" of exclusive control in defense counsel's opening statement.

There is no dispute that the plaintiff failed to establish the exclusive control element of res ipsa loquitur on her direct case. Once the issue was raised by defense counsel's motion to dismiss, however, the plaintiff's counsel requested an opportunity to reopen the plaintiff's case in order to call one of

the defendant's employees to testify regarding exclusive control. The trial court denied the request.

While the trial court has discretion in determining whether or not to allow a party to reopen his or her case (*see, Feldsberg v Nitschke,* 49 NY2d 636, 643; *Matter of Dutchess County Dept. of Social Servs. [Sabrina T.] v Shirley U.,* 266 AD2d 459, 460), when a motion to reopen is made, the trial court should consider whether the movant has provided a sufficient offer of proof, the possible prejudice to the opposing party, and whether significant delay in the trial will result if the motion is granted (*see, Frazier v Campbell,* 246 AD2d 509, 510; *Veal v New York City Tr. Auth.,* 148 AD2d 443, 444-445; *Lagana v French,* 145 AD2d 541, 542). The most important consideration is the possibility of prejudice to the opposing party, even without a proper offer of proof, and where there is no prejudice the request to reopen should be granted (*see, Harding v Noble Taxi Corp.,* 182 AD2d 365, 370).

There was no evidence that the defendant would be prejudiced. In fact, defense counsel in opposition to the plaintiff's request to reopen, failed to raise prejudice as a basis to deny that request. Moreover, the trial court did not allow the plaintiff's attorney to provide an offer of proof, and failed to ascertain what evidence would be presented and whether there would be any significant delay of the trial. Indeed, it appears that the plaintiff could have read the deposition testimony of one of the defendant's employees into the record if that employee was not readily available to testify. Accordingly, the trial court improvidently exercised its discretion in refusing to allow the plaintiff to reopen her case. Accordingly, I would reverse and direct a new trial.