■ LUIS CABEZAS, Appellant, v CITY OF NEW YORK, Respondent. [756 NYS2d 566] —Order, Supreme Court, Bronx

County (Kenneth Thompson, J.), entered on or about October 17, 2001, which directed a new trial on damages unless plaintiff stipulated to reduce the jury's awards for past pain and suffering from $450,000 to $150,000, future pain and suffering from $450,000 to $175,000, past medical expenses from $50,000 to $28,000, and future medical expenses from $60,000 to $44,000, unanimously reversed, on the facts, without costs, to reinstate the jury awards, except that for future medical expenses, which plaintiff has agreed to reduce to $50,000.

Plaintiff, who is right-handed, broke his right wrist when he fell on a sidewalk. He suffered a comminuted intra-articular distal radius fracture and displaced ulna styloid fracture, and underwent two operations, one of which involved external fixation. He has limited wrist motion and limited grip strength in his right hand, cannot carry anything heavy, has difficulty grabbing or holding small objects, buttoning his shirt and combing his hair, cannot wash dishes or sweep the floor, and can no longer swim or play softball or basketball. He suffers constant pain that will require a future wrist fusion operation, which will eliminate all motion in his wrist and may have other adverse effects.

We note defendant's failure to contravene plaintiff's medical evidence with expert evidence of its own (*see Roux v Caiola*, 254 AD2d 182, 183 [1998], *lv denied* 93 NY2d 803 [1999]), and find that neither the award of $450,000 for past pain and suffering nor that of $450,000 for 23 years of future pain and suffering deviates materially from what is reasonable compensation (CPLR 5501 [c]; *cf. Valentine v Lopez*, 283 AD2d 739, 743-744 [2001]). The trial court's reduction of the award for past medical expenses to $28,000 was apparently based on the amounts that plaintiff owes Lincoln Hospital and Dr. Kaplan. However, plaintiff also owes money to Metropolitan Hospital, whose records were received in evidence. Hence, there is evidence to support the jury's award of $50,000 for past medical expenses. The trial evidence supports a reduction of the jury's award for future medical expenses from $60,000 to $50,000, as plaintiff concedes. Concur—Mazzarelli, J.P., Andrias, Saxe, Ellerin and Williams, JJ.