■ THOMAS HAYES et al., Appellants-Respondents, v NORMANDIE LLC et al., Respondents-Appellants. NORMANDIE LLC et al., Third-Party Plaintiffs, v CIVETTA COUSINS JV, Third-Party Defendant-Respondent. [761 NYS2d 645] —Order, Supreme Court, New York County (Kibbie Payne, J.), entered July 17, 2002, which, in an action pursuant to Labor Law § 240 (1), inter alia, granted defendants' motions for (1) a new trial to the extent of directing a new trial on the issue of future pain and suffering only unless the parties stipulated to reduce the award for future pain and suffering from $750,000 to $350,000, and (2) collateral source offsets for Social Security and union pension benefits, unanimously modified, on the law, to deny defendants' motions so as to reinstate the damages award for future pain and suffering to $750,000 and to vacate the offset for pension benefits, and otherwise affirmed, without costs.

The trial court properly disposed of defendants' various challenges to the jury's award of damages. Plaintiff sustained a comminuted fracture of the right radius extending into the right wrist that required the insertion of a metal plate and screws that will have to be removed in the future. The award for future pain and suffering is adequately supported by medical evidence that future fusion surgery or implantation of an artificial wrist joint might be necessary to alleviate pain (CPLR 5501 [c]; *cf. Cabezas v City of New York,* 303 AD2d 307 [2003]). Plaintiff's earnings for 1999 were established by testimony from a union member as to plaintiff's hourly wage and hours worked; thus, defendants were not prejudiced by the trial court's reopening plaintiff's case for the limited purpose of receiving his W-2 form for that year so as to allow a more exact computation (*see Feldsberg v Nitschke,* 49 NY2d 636, 643 [1980]; *see Guarracino v Central Hudson Gas & Elec. Corp.,* 274 AD2d 551, 553 [2000], *lv dismissed* 96 NY2d 727 [2001]). That plaintiff continued to work for a year after his accident does not negate the finding that his injuries were ultimately disabling, as found by the Social Security Administration. Defendants' claim that they were deprived of a fair trial by plaintiff's attorney's improper comments was not preserved by

timely objection or a motion for a mistrial, and we decline to review the alleged misconduct (*see Figueroa v Maternity Infant Care Family Planning Project,* 243 AD2d 424 [1997], *lv denied* 91 NY2d 807 [1998]; *compare Rodriguez v New York City Hous. Auth.,* 209 AD2d 260, 261 [1994]; *Berkowitz v Marriott Corp.,* 163 AD2d 52, 53-54 [1990]). While the Social Security payments received by plaintiff and his family members were intended to compensate for lost earnings (*see Bryant v New York City Health & Hosps. Corp.,* 93 NY2d 592, 608 [1999]) and thus properly treated as collateral source payments (CPLR 4545 [c]; *see Rodgers v 72nd St. Assoc.,* 269 AD2d 258 [2000]; *Manfredi v Preston,* 246 AD2d 580 [1998]), the same cannot be said about plaintiff's pension benefits (*see Oden v Chemung County Indus. Dev. Agency,* 87 NY2d 81, 88-89 [1995]). Accordingly, we modify to reinstate the damages award for future pain and suffering and to vacate the offset of such pension benefits against the award for lost earnings. We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Ellerin, Williams, Lerner and Gonzalez, JJ.