■ PATRIA LANTIGUA, Respondent, v 700 W. 178TH STREET ASSOCIATES, LLC, et al., Appellants, et al., Defendants. [811 NYS2d 364]—

Judgment, Supreme Court, New York County (Michael D.

Stallman, J.), entered October 5, 2004, after a jury trial, apportioning liability 80% against defendants-appellants, and awarding plaintiff damages in the principal amount of $821,100, unanimously modified, on the facts, to vacate the awards of $200,000 and $150,000 for future medical expenses and future lost earnings, respectively, and remand for a new trial on those issues only, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order with notice of entry, stipulates to reductions of the awards for future medical expenses and future lost earnings to $80,000 and $125,000, respectively, and to the entry of an amended judgment in accordance therewith.

The jury's liability verdict and 80% apportionment against appellants is supported by a fair interpretation of the evidence (*see McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 206 [2004]) showing that the leaking sewer pipe above the stairway where plaintiff slipped and fell was a structural defect for which appellants were responsible, and that the leak had existed for at least two months prior to the accident, long enough for appellants to have discovered and corrected it. The jury's award of $200,000 for future pain and suffering, for a comminuted, displaced intraarticular left distal radius fracture that required open reduction and internal fixation and a second surgical procedure to remove the metal hardware previously inserted into plaintiff's wrist, does not deviate materially from what is reasonable compensation (*see Hayes v Normandie LLC*, 306 AD2d 133 [2003], *lv dismissed* 100 NY2d 640 [2003]; *Cabezas v City of New York*, 303 AD2d 307 [2003]). The jury's award of $70,000 for past lost wages is adequately supported by plaintiff's testimony that at the time of the accident, three months after she went to work at defendant restaurant as a cook, she was making $300 per week but before that had for years earned $400 per week at another restaurant, and that before trial she was out of work for a total of about $3^{1}/_{2}$ years. However, the jury's award of $150,000 for future lost earnings over six years is against the weight of the evidence. Given plaintiff's own testimony claiming a maximum earning capacity of $400 per week, the award should not have exceeded $125,000. The jury's award of $200,000 for future medical expenses is also against the weight of the evidence showing that plaintiff's future medical expenses would amount to approximately $4,000 a year. Given the jury's finding of a 20-year life expectancy, the future medical award should have been $80,000. Although plaintiff's orthopedist opined that plaintiff would be a candidate for a future wrist fusion surgery, there was no evidence as to the cost of such an operation or any indication as to whether plaintiff was even considering such a

procedure. We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Friedman, Gonzalez, Sweeny and McGuire, JJ.