■ GERMAN SERRANO, Respondent, v 432 PARK SOUTH REALTY Co., LLC, Appellant. (And a Third-Party Action.) 432 PARK SOUTH REALTY Co., LLC, Second Third-Party Plaintiff-Appellant, v FORTUNE INTERIOR DISMANTLING CORP., Second Third-Party Defendant-Respondent. (And a Third Third-Party Action.) [873 NYS2d 567]—

Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered October 22, 2007, upon a jury verdict finding that plaintiff did not suffer a "grave injury" within the meaning of Workers' Compensation Law § 11 and awarding him $600,000 for past pain and suffering, $4,240,000 for future pain and suffering, and $2,302,425 for future medical expenses (including $710,556 for care, $443,405 for rehabilitation, and $150,111 for household services), unanimously modified, on the law and the facts, to reduce the award for future medical expenses by $150,111 and to vacate the award for future pain and suffering and remand for a new trial solely as to such damages, and otherwise affirmed, without costs, unless plaintiff, within 30 days of service of a copy of this order, stipulates to reduce the award for future pain and suffering to $2,500,000 and to the entry of an amended judgment in accordance therewith.

The court properly left it to the jury to determine whether plaintiff suffered a grave injury of his left hand (Workers' Compensation Law § 11; see Mustafa v Halkin Tool, Ltd., 2004 WL 2011384, *10, 2004 US Dist LEXIS 16128, *30-31 [ED NY 2004]). The jury's verdict that plaintiff did not suffer a grave

injury within the meaning of Workers' Compensation Law § 11 was not against the weight of the evidence (*see Torricelli v Pisacano,* 9 AD3d 291 [2004], *lv denied* 3 NY3d 612 [2004]; *McDermott v Coffee Beanery, Ltd.,* 9 AD3d 195, 206-207 [2004]).

The award for past pain and suffering does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]; *see Cabezas v City of New York,* 303 AD2d 307 [2003]). In addition to the wrist fracture addressed in *Cabezas,* plaintiff suffered a herniated disc, for which he underwent an operation, and developed reflex sympathetic dystrophy and post-traumatic stress disorder associated with major depressive disorder. However, the award for future pain and suffering is excessive (*see Cabezas, supra; Hayes v Normandie LLC,* 306 AD2d 133 [2003], *lv dismissed* 100 NY2d 640 [2003]; *Brown v City of New York,* 309 AD2d 778 [2003]; *Valentine v Lopez,* 283 AD2d 739, 740 n, 744 [2001]).

The rehabilitation (physical therapy) award is supported by plaintiff's testimony that, as of the time of trial, he was going to physical therapy twice a month and that he would go more frequently if he had the money and the testimony of a physician specializing in pain management that plaintiff will need physical therapy twice a week for the rest of his life, at a cost of approximately $120 per visit.

The award for care is supported by a psychiatrist's testimony that plaintiff will probably need someone to care for him for the rest of his life and a life care planner and medical case manager's testimony that plaintiff will need two hours of assistance per day until age 55 and four hours per day thereafter and that he cannot rely forever on his family. The testimony of an economist establishes that "care" means the assistance provided by the home attendant mentioned by the life care planner. However, it cannot be determined from the evidence what the category of "household services" is meant to cover. We therefore vacate the $150,111 award for household services (*see McDougald v Garber,* 135 AD2d 80, 96 [1988], *mod on other grounds* 73 NY2d 246 [1989]). Concur—Friedman, J.P., Gonzalez, Buckley and Renwick, JJ.