12-4553-cv
Tookes v. The Port Authority of New York and New Jersey

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of October, two thousand thirteen.

Present:
> PIERRE N. LEVAL,
> PETER W. HALL,
> RAYMOND J. LOHIER, JR.
> > *Circuit Judges*,

---

OLIVER T. TOOKES,

> *Plaintiff-Appellant*,

v.                                                            12-4553-cv

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY

> *Defendant-Appellee*,

"DOE COMPANY #1," "DOE COMPANY #2," "DOE COMPANY #3,"

> *Defendants*.

---

FOR APPELLANT:          ERIC TURKEWITZ, The Turkewitz Law Firm, New York, NY.

FOR APPELLEE:           KARLA DENALLI, The Port Authority of New York and New Jersey, New York, NY.

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*)

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.

Appellant Oliver Tookes appeals from the August 11, 2011 Memorandum and Order of the United States District Court for the Eastern District of New York (Block, *J.*) denying his motion for judgment as a matter of law under Rule 50(b), or alternatively for a new trial under Rule 59(a), as well as the October 2, 2012 Memorandum and Order authorizing a collateral source set-off against Tookes' lost earnings award. We assume the parties' familiarity with the underlying facts, the procedural history of this case, and the issues on appeal.

**I.**

"Rule 50 enables the district court to enter judgment as a matter of law against a party on an issue only if there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, and permits the district court to do so after a jury verdict, provided a pre-verdict motion is properly renewed." *Nadel v. Isaksson,* 321 F.3d 266, 271-72 (2d Cir. 2003). We review *de novo* a district court's denial of a post-verdict motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) and apply the same standard as the district court. *See Armstrong ex rel. Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 425 F.3d 126, 133 (2d Cir. 2005); *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000). We must therefore consider the evidence in the light most favorable to the non-moving party and draw all reasonable evidentiary inferences in that party's favor. *Diesel*, 232 F.3d at 103.

Applying this standard, we hold that the evidence did not furnish a reasonable basis for a finding of negligence on Tookes' part that contributed to his accident. Negligence consists of lack of due care in the face of a foreseeable risk. *Di Ponzio v. Riordan*, 89 N.Y.2d 578, 583 (1997); *Danielenko v. Kinney Rent A Car, Inc.*, 57 N.Y.2d 198, 204 (1982). The evidence did not show a risk that was foreseeable to Tookes because the defect in the grate that caused his fall into the pit was concealed. The collapse of the grate occurred because it had become misaligned – so that, instead of substantially overlapping its supporting beam, it was supported by barely a quarter inch of overlap and easily slipped off the supporting beam as the result of Tookes pushing furniture in the room with a pole. The grate was characterized by an expert witness called by the Port Authority as "ready to go," so that Tookes' movements amounted to "the straw that breaks the camel's neck." There was no evidence that this misalignment was visible to one who stood on or around the grates. The uncontradicted evidence, furthermore, showed that Port Authority personnel believed the grates were designed to be walked on, and did walk on them whenever there was a need to be standing there – such as for cleaning, painting, or performing maintenance on the window or the brick walls surrounding the grates. Moreover, the Port Authority's structural maintenance staff inspected the grates annually. There was no evidence of a risk of danger that was foreseeable to Tookes.

We recognize that Tookes' use of a pole to push furniture caused the shift that resulted in the grate slipping off its tiny perch. While pushing furniture with a pole is undoubtedly unusual activity, there is no reason for anyone to consider it dangerous when standing on a surface intended to be walked upon.

It is true that at some time in the past Tookes had told the person responsible for inspecting the grates, "[T]hat thing ain't safe." He characterized the exchange as "joking

3

around." Had there been a visibly unsafe condition, this remark, regardless of how Tookes characterized it, might have constituted a sufficient basis for finding him negligent. But in the absence of evidence of a risk of harm that was foreseeable to him, this obscure remark is insufficient to show that Tookes failed to exercise due care in the face of a risk of harm that was foreseeable to him.

We therefore conclude that there was no sufficient evidentiary basis to support the jury's finding that Tookes' own negligence was a contributing cause to his injury. We thus reverse the portion of the district court's judgment denying Tookes' motion for judgment as a matter of law on the issue of his comparative negligence.

## II.

Under New York law, a collateral source set-off is permitted when the defendant establishes with "reasonable certainty" that the plaintiff "has received, or will receive, payments from a collateral source," and that these collateral source payments "specifically correspond to particular items of economic loss awarded by the trier of fact." *Kihl v. Pfeffer,* 848 N.Y.S.2d 200, 207-08 (2d Dep't 2007). "Reasonable certainty is understood as involving a quantum of proof that is greater than a preponderance of evidence but less than proof beyond a reasonable doubt." *Id* at 207.

The Port Authority established with reasonable certainty that Tookes has received and will continue to receive disability benefits from the Social Security Administration, and that these benefits will continue until they are converted to retirement benefits when Tookes turns sixty-six. The record demonstrates that the jury awarded Tookes damages for the loss of earnings he suffered as a result of injuries sustained, and it establishes that he would no longer work. Because Tookes' Social Security disability benefits are intended to compensate for lost

4

earnings, they are properly treated as a collateral source.  *See Hayes v. Normandie LLC*, 761 N.Y.S.2d 645, 646 (2003) ("Social Security payments received by plaintiff . . . were intended to compensate for lost earnings and thus [are] properly treated as collateral source payments"); *Manfredi v. Preston,* 667 N.Y.S.2d 288, 289 (1998) (finding that Social Security disability benefits "correspond to . . . lost earnings for which [the plaintiff] was awarded damages, [and thus] constitute collateral source payments").  Because there is reasonable certainty Tookes has received and will continue to receive payments from a collateral source and these payments correspond specifically to the particular items of economic loss awarded by the jury, the district court's decision that the Port Authority was entitled to a collateral source set-off against Tookes' lost earnings award is affirmed.

We have considered Tookes' remaining arguments on appeal and find them to be without merit.  The judgment of the district court is **AFFIRMED** in part and **REVERSED** in part.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5