Kromah v 2265 Davidson Realty LLC (2019 NY Slip Op 01301)





Kromah v 2265 Davidson Realty LLC


2019 NY Slip Op 01301


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8381 303791/13

[*1]Aminata Kromah, Plaintiff-Respondent,
v
2265 Davidson Realty LLC, et al., Defendants-Appellants.


Cozen O'Connor, New York (Eric J. Berger of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, New York (Brian J. Isaac of counsel), for respondent.



Judgment, Supreme Court, Bronx County (James W. Hubert, J.), entered May 24, 2018, to the extent appealed from, awarding plaintiff $2,547,054 for future medical expenses, $4,500,000 for future pain and suffering, and $1,600,000 for past pain and suffering, unanimously modified, on the law and the facts, to vacate the award for future medical expenses and remand for a new trial solely of these damages, unless plaintiff stipulates, within 30 days after entry of this order, to reduce the award for future medical expenses to $2,252,580 and to the entry of an amended judgment in accordance therewith, and otherwise affirmed, without costs.
The trial court providently exercised its discretion in recalling the jury only an hour after deliberations had begun and instructing that evidence that defendants violated Administrative Code of City of NY §§ 27-127 and 27-128 [FN1] could be considered evidence of negligence (see Carlino v County of Albany, 178 AD2d 772, 773 [3d Dept 1991]; cf. Barreto v Calderon, 31 AD2d 896, 897 [1st Dept 1969] [instruction to jury on "entirely new legal principle" after 23 hours of deliberation was prejudicial to defendants]). Defendants were not prejudiced by the supplemental instruction, which simply reiterated the original instruction that defendants had a duty to maintain the stairs on which plaintiff fell in a safe condition. Further, the court instructed the jury that the supplemental charge was merely an addition and did not change or modify its original instructions.
As a result of the accident, plaintiff's ankle was pulled out of its joint, and plaintiff sustained a trimalleolar ankle fracture. Plaintiff underwent two surgeries and developed traumatic arthritis and reflex sympathetic dystrophy. Defendants argue that the awards of $1,600,000 and $4,500,000 for past and future pain and suffering, respectively, deviate materially from what is reasonable compensation for plaintiff's injuries. We disagree (see e.g. Hernandez v Ten Ten Co., 102 AD3d 431 [1st Dept 2013]; Serrano v 432 Park S. Realty Co., LLC, 59 AD3d 242 [1st Dept 2009], lv denied 13 NY3d 711 [2009]).
Defendants argue that the award for future medical expenses is against the weight of the credible evidence because there was no evidence that plaintiff would have a spinal cord simulator implanted or that she would tolerate and benefit from a radiofrequency sympathectomy. Defendants also argue that the jury's award for future medications, pain management visits, steroid injections, orthopedic joint lubrications, orthopedic visits, and MRIs should be reduced by 50% because plaintiff's doctors testified that she would need an ankle fusion, which would reduce any pain.
We find that the jury's award for radiofrequency sympathectomy is against the weight of [*2]the evidence. Plaintiff had not had a radiofrequency sympathectomy. Thus, there is no evidence that the procedure would provide relief to her and become necessary to her future treatment. Accordingly, we reduce the jury's award for future medical expenses by the amount awarded for this treatments.
We find that the award for the remaining future medical expenses is not against the weight of the credible evidence. One of the treating doctors testified that a spinal cord stimulator could be used to treat plaintiff's reflex sympathetic dystrophy, but he was not able to get the funding for that procedure for plaintiff.
Defendants' contention that the ankle fusion would have mitigated plaintiff's pain is unsupported by the record (see Lantigua v 700 W. 178th St. Assoc., LLC, 27 AD3d 266, 267 [1st Dept 2006]). Plaintiff's physicians did not testify that pain would be eliminated or even reduced if plaintiff were to undergo an ankle fusion. Their testimony indicated only that pain reduction was the goal of ankle fusion surgery.
Defendants failed to establish their entitlement to a
collateral source hearing (see Firmes v Chase Manhattan Auto. Fin. Corp., 50 AD3d 18, 36 [2d Dept 2008], lv denied 11 NY3d 705 [2008]). They assert that their expert would have testified as to the health insurance plans available to plaintiff and her coverage under those plans. However, they did not show that plaintiff might in the future receive collateral benefits through health insurance.
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK



Footnotes

Footnote 1: These sections were repealed and re-codified at Administrative Code § 28-301.1, effective July 1, 2008 (Centeno v 575 E. 137th St. Real Estate, Inc., 111 AD3d 531 [1st Dept 2013]).