Sinera v Embassy House Eat LLC (2024 NY Slip Op 00057)

Sinera v Embassy House Eat LLC

2024 NY Slip Op 00057

Decided on January 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 09, 2024

Before: Webber, J.P., Gesmer, Kennedy, Rosado, Michael, JJ. 

Index No. 24647/13 Appeal No. 1359 Case No. 2023-00743 

[*1]Saikou Sinera, Plaintiff-Appellant,
v
Embassy House Eat LLC, et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
Kahana Feld, LLP, New York (Sean Harriton of counsel), for respondents.

Order, Supreme Court, Bronx County (Leticia M. Ramirez, J.), entered January 19, 2023, which, to the extent appealed from as limited by the briefs, granted defendants' motion to set aside a jury verdict awarding plaintiff $1,000,000 for past pain and suffering, $2,000,000 for future pain and suffering, and $2,500,000 for future medical expenses, and directed a new trial unless plaintiff stipulated to reduce the award for past pain and suffering to $250,000, future pain and suffering to $450,000, and future medical expenses to $10,000, unanimously affirmed, without costs.
The court providently exercised its discretion in determining that the jury's award of damages deviated materially from what would be reasonable compensation (see Donlon v City of New York, 284 AD2d 13, 14 [1st Dept 2001]). Following a fall from a ladder while working at a construction site, plaintiff suffered impingement of the shoulder and a fractured wrist, for which he was treated with casts and received six months of therapy, as well as impingement of the shoulder. The jury's award reflected a finding that, in addition to the wrist fracture and shoulder impingement, plaintiff sustained complex regional pain syndrome (CRPS). However, such a finding was against the weight of the medical evidence (see Cahill v Triborough Bridge & Tunnel Auth., 31 AD3d 347, 349-350 [1st Dept 2006]; Annunziata v Colasanti, 126 AD2d 75, 80 [1st Dept 1987]). Four of plaintiff's doctors and four defense experts found no evidence of CRPS, and explained their findings based on the medical history and their respective examinations of plaintiff. The two witnesses who did testify that plaintiff had CRPS were plaintiff's physiatrist, Dr. Ali Guy, whose evaluations were inconsistent with his opinion; and Dr. Timothy Groth, who admitted to belatedly inserting a CRPS diagnosis in an undated addendum after a conversation with an unidentified person.
The trial court providently exercised its discretion in setting aside the awards for past and future pain and suffering unless plaintiff stipulated to a reduction as indicated, and the reduced damages are reasonable for the injuries sustained by plaintiff (see Garcia v Spira, 273 AD2d 57 [1st Dept 2000]; see also Lantigua v 700 W. 178th St. Assoc., LLC, 27 AD3d 266, 267 [1st Dept 2006]; Cabezas v City of New York, 303 AD2d 307, 308 [1st Dept 2003]). The jury's award for future medical expenses was based on unreliable and speculative evidence, while the reduced award is supported with reasonable certainty by evidence in the record (see Rivera v City of New York, 293 AD2d 383 [1st Dept 2002]; Lopez v City of New York, 192 AD3d 634, 641 [1st Dept 2021]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 9, 2024