| **Hutson v Regis High Sch.** |
|:---:|
| 2025 NY Slip Op 32091(U) |
| June 12, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152133/2020 |
| Judge: Lyle E. Frank |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**                          PART            11M

*Justice*

-------------------------------------------------------------------------------X

BARBARA HUTSON,                          INDEX NO.          152133/2020

Plaintiff,                               MOTION DATE        02/03/2025

- v -                                    MOTION SEQ. NO.        009

REGIS HIGH SCHOOL, 38 EAST 85TH STREET, INC.        **DECISION + ORDER ON MOTION**

Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 009) 185, 186, 187, 188, 189, 190, 191, 192, 193, 194, 195, 196, 197, 198, 199, 200, 201, 202, 203, 204, 205, 208, 209, 210, 211, 212, 213, 214

were read on this motion to/for          SET ASIDE VERDICT          .

Defendant Regis High School ("Regis") moves port-trial seeking an order: (i) granting a directed verdict in favor of Regis pursuant to CPLR § 4401; (ii) directing that judgment be entered in Regis' favor notwithstanding the verdict pursuant to CPLR § 4404(a), (iii) granting a new trial on the issues of negligence, causation, and the allocation of fault pursuant to CPLR § 4404(a), or alternatively, (iv) remitting the verdict pursuant to CPLR § 4404(a).[1]

**Background**

Plaintiff tripped and fell on a New York City sidewalk due to a condition allegedly created by defendant, Regis. The condition in question was a large pile of discarded Christmas trees that were left on the sidewalk which ultimately obstructed a portion of the sidewalk. Plaintiff tripped on the low-lying tip of a tree.

---

[1] The Court would like to thank Matthew Wisniewski, Stephen Wolf and Benjamin Choyhet for their assistance in this matter.

**152133/2020 Motion No. 009**                          **Page 1 of 6**

At trial, defendant argued that the condition was open and obvious such that the plaintiff could have prevented her fall. Defendant further argued that the condition was not dangerous, and that plaintiff failed to establish what caused her fall. Defendants emphasized the plaintiff's shoelace being untied.

In support of its case in chief, plaintiff presented surveillance footage of the location of the accident that showed approximately 30 hours before the plaintiff's fall and depicted the pile of trees covering a portion of the sidewalk's width and left a narrow passageway for pedestrians to walk around the trees. One tip of one of the trees extended into this narrow passage. The video footage showed numerous pedestrians tripping or nearly tripping on these trees and on the protruding tree tip. The video footage shows plaintiff, attempting to walk around the tree pile, and falling. The footage shows the tree move at the time of the fall.

As a result of the fall, plaintiff, a 70-year-old woman, broke both of her shoulders rendering her immovable on the ground until an ambulance arrived. After the fall, plaintiff was completely dependent on others for several months and unable to perform even basic functions like using the bathroom without assistance. Plaintiff required a home health aide for over a year and now has permanent loss of function in both arms including not being able to lift one arm above 90 degrees.

Defendant moved for directed verdict during trial, this court reserved decision pending the jury verdict. The jury ultimately found in plaintiff's favor and determined that Regis was 65% at fault and 38 East 85th Street, Inc. was 35% at fault. The jury awarded plaintiff $500,000 for past pain and suffering and $600,000 for future pain and suffering over 12 years, for a total of $1.1 million.

**Standard of Review**

[* 2]

CPLR § 4404(a) provides in pertinent part, that: "the court may set aside a verdict, or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial...where the verdict is contrary to the weight of the evidence [or] in the interests of justice."

It is well settled that "in any case in which it can be said that the evidence is such that it would not be utterly irrational for a jury to reach the result it has determined upon, […] the court may not conclude that the verdict is as a matter of law not supported by the evidence (*Cohen v Hallmark Cards, Inc.,* 45 NY2d 493, 499 [1978]). "A determination of whether a damage award is excessive depends on whether that award deviates materially from what would be reasonable compensation" *Rivera v City of NY*, 40 AD3d 334, 340 [1st Dept 2007]. A jury award is entitled to the most favorable of inferences. *See Cohen* 45 NY2d 493.

The threshold for setting aside a jury verdict is very high, and they may only be overturned if the verdicts are, "essentially irrational." *Godfrey v G.E. Cap. Auto Lease, Inc.*, 89 AD3d 471, 478 [1st Dept 2011[ (Court did not set aside a verdict when jury could have fairly and rationally concluded either way on comparative fault). To alter the jury's verdict, the jury's apportionment of fault must have been completely against the weight of the evidence. *Lolik v Big V Supermarkets, Inc.*, 86 NY2d 744, 746 [1995]. In other words, the verdict reached could not have reasonably been reached after a fair interpretation of the evidence. *Id.*

**Discussion**

In support of its motion, Regis contends that the condition was open and obvious and not inherently dangerous. Further, Regis contends that the jury erred, and fault should have been apportioned to the plaintiff, or, in the alternative, that the jury incorrectly proportioned fault as between the defendants.

[* 3]

In opposition, plaintiff contends that res judicata, namely the First Department's decision in affirming the denial of Regis' motion for summary judgment, precludes it from remaking the argument regarding open and obvious. Plaintiff avers, and this Court agrees, that the First Department determined, after reading the papers and watching the video of the accident, that there are questions of fact relating to whether the condition was open and obvious and not inherently dangerous. The First Department explicitly held

> "[t]he photographs and video evidence raise an issue of fact as to whether jutting branches from the trees were not clearly visible, and whether the branches, upon which plaintiff fell, might be overlooked by a pedestrian under the circumstances allegedly confronted by plaintiff, including pedestrians approaching from the opposite direction and that the branches were almost the same color as the sidewalk."

(*Hutson v Regis High Sch.*, 226 AD3d 478, 478 [1st Dept 2024]).

Notwithstanding, this Court's finding that the doctrine of res judicata applies, the jury's determination was not unreasonable or against the weight of the evidence. The plaintiff presented video evidence at trial of numerous pedestrians tripping over the same tree that the plaintiff tripped over. The jury's determination that was the portion of the tree that was sticking out was not open and obvious, was a reasonable interpretation of the evidence.

As to Regis' contention that the apportionment of fault between the defendants was not reasonable, this Court does not agree. The jury was presented with evidence that Regis added two additional trees to the pile. The jury was given the correct statutory law as it pertained to 38 East 85th Street, Inc's liability. For these reasons, it is reasonable, after weighing the evidence, for the jury to find Regis more at fault than 38 East 85th Street, Inc. Therefore, the apportionment of liability should not be altered.

**152133/2020 Motion No. 009**  **Page 4 of 6**

This Court has the discretion to review the jury award to determine if the compensation is reasonable and can set aside the verdict and order a new trial in the interest of justice. *See* CPLR § 4404(a). If an award for past and future pain and suffering and loss of enjoyment of life materially deviates from what is reasonable compensation under the circumstances, the court can choose to set aside the jury verdict and order a new trial. *Diouf v NY City Tr. Auth*., 77 AD3d 600 [1st Dept 2010]. The future award in *Diouf* that was affirmed by the First Department was deemed reasonable in compensation, awarding $800,000 in future pain and suffering and loss of enjoyment of life based on the plaintiff being the age of 55 and having broken both wrists. *Id.*

The past award is often based upon factors such as physical therapy, loss of use, and impact on daily functions prior to trial. *Cabezas v City of NY*, 303 AD2d 307 [1st Dept 2003]. The past pain and suffering and loss of enjoyment of life award of $400,000 in *Cabezas* was affirmed by the First Department and took into consideration the limited motion and strength caused by the injury, as well as their difficulty doing daily activities like cleaning their dwelling or dressing themself. *Id.* at 308.

The award for past pain and suffering and loss of enjoyment of life does not materially deviate from what is reasonable compensation based on the injuries and effect on quality of life experienced in this case. Despite not undergoing surgery, plaintiff underwent 9 months of physical therapy and heavily relied upon help from her home health aide and partner for daily activities. The award here, $400,000 for 4.8 years, does not materially deviate from what is reasonable in light of the circumstances and based on the factual similarities to *Cabezas* with respect to difficulty in performing daily activities. Similarly, the award for future pain and suffering and loss of enjoyment of life does not materially deviate from what is reasonable compensation. Similar to *Diouf* where the plaintiff broke both wrists, the plaintiff in this case

[* 5]

broke both shoulders, and a 15-year difference in age can account for the $200,000 discrepancy we see between this case and *Diouf* in future pain and suffering and loss of enjoyment of life. In support of remittance, the defense only presents trial court level cases that have not been affirmed by the Appellate Division according to their memorandum and therefore, *Diouf* more clearly demonstrates that there was no material deviation from a reasonable award by the jury. The Court has reviewed Regis' remaining contentions and finds them unavailing. Accordingly, it is hereby

ADJUDGED that defendant's motion is denied in its entirety.

20250612101623LFRANKADDD2092A7D247299FA820F22AE65AE7

**6/12/2025**
**DATE**

**LYLE E. FRANK, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

[* 6]