■ JAMIE L. MELDRIM et al., Respondents, v EDNA HILL et al., Appellants. [688 NYS2d 741] —Mikoll, J. P. Appeal from an order of the Supreme Court (Ferradino, J.), entered December

22, 1997 in Fulton County, which denied defendants' motion to set aside the verdict rendered in favor of plaintiffs.[1]

In September 1989, the parties entered into an installment land contract wherein defendants agreed to purchase a house and four-acre lot in the Town of Ephratah, Fulton County, with an initial payment of $5,000 and the balance in monthly installments over a 15-year period. Plaintiffs represented that the property was equipped with a "500-plus" gallon septic system, and that the house was heated with a wood stove and portable electric heaters. Shortly after moving into the house, defendants experienced problems with the septic system, which they subsequently found to consist of a 300-gallon concrete tank for "grey water" (i.e., water from the sink, bath and shower), a separate 275-gallon tank for toilet waste, and a leach field. Although the problems were temporarily alleviated by pumping out the waste tank, they recurred soon thereafter. Defendants assert that upon unearthing the waste tank, they discovered a backup of raw sewage and upon notifying town officials, were advised that the house was "condemned" and should not be inhabited. Defendants vacated the premises without advising plaintiffs.

Upon learning that defendants had abandoned the property, plaintiff Jamie Meldrim went to the premises and eventually ascertained from town officials that the septic tank needed to be replaced. Plaintiffs thereafter obtained a permit to install a new septic system and completed the task within a month, during which it was discovered that the problems experienced by defendants were caused by a blocked leach line. Plaintiffs then commenced this foreclosure action, alleging that defendants had defaulted in their obligations under the contract. Defendants answered and asserted defenses, affirmative defenses and counterclaims of fraud, negligent misrepresentation and breach of warranty based on the inadequacy of the premises' septic and heating systems, as well as the age of the house itself. Supreme Court granted plaintiffs' motion for summary judgment on the foreclosure claim and a jury trial ensued upon defendants' counterclaims. At the close of evidence, the court ruled that defendants' breach of express and implied warranty and constructive eviction claims would not be submit-

---

1. Although defendants' notice of appeal states that the appeal is taken from the order denying their CPLR 4404 (a) motion as well as from "any Judgment which may be filed in this action in the future, same not having occurred as of this date", as there has been no final judgment or order in this action only the order denying defendants' CPLR 4404 (a) motion is brought up for review on this interlocutory appeal (see, CPLR 5501 [a]).

ted to the jury. Further, the court submitted only so much of defendants' counterclaims as related to the septic system, excluding those based upon the premises' age and heating system. The jury returned a verdict in favor of plaintiffs, finding that they had not engaged in fraud, deceit, misrepresentation or negligence in the marketing or sale of the property. Defendants' motion to set aside the verdict was denied, prompting this appeal.

Finding no merit to defendants' contentions on appeal, we affirm. Supreme Court properly declined to submit defendants' breach of express warranty claim to the jury. This claim was based solely on defendants' argument that the subject property did not have a septic system with a 500-gallon capacity, as represented by plaintiffs. The uncontradicted trial evidence, however, established that the total capacity of the two tanks comprising the septic system exceeded 500 gallons. Similarly meritless is defendants' breach of implied warranty claim based upon *Caceci v Di Canio Constr. Corp.* (72 NY2d 52), whose exception to the common-law caveat emptor doctrine applies only to homes purchased from a builder-vendor.[2] Defendants' claims based on breach of the warranty of habitability (Real Property Law § 235-b) and constructive eviction (*see, e.g., Barash v Pennsylvania Term. Real Estate Corp.*, 26 NY2d 77) presume the existence of a landlord-tenant relationship absent here, where the subject premises were not leased but sold to defendants. Nor did Supreme Court err in declining to submit the question of the validity of the land contract to the jury. Defendants maintained that the contract was a nullity because of plaintiffs' fraud or misrepresentation. The question whether plaintiffs engaged in fraud or misrepresentation was submitted to the jury, and the parties agreed that in the event the jury found plaintiffs had so acted, the appropriate relief would be to restore the parties to their precontract positions. Thus, the ultimate issue bearing upon the validity of the contract was submitted to and decided by the jury.

Defendants' argument that the verdict was against the weight of the evidence rests on the assertion that plaintiffs falsely represented that the property had a septic system with a 500-gallon capacity when its actual capacity was 275 gallons. As noted, however, there was evidence from which the jury could rationally conclude that plaintiffs' claim about the size of the system was accurate, and we are consequently unable to

2. In any event, the holding in the *Caceci* case has been superceded by General Business Law article 36-B (*see, Fumarelli v Marsam Dev.*, 92 NY2d 298).

say that the jury's finding of no fraud or misrepresentation has no evidentiary support. Accordingly, Supreme Court did not err in denying defendants' motion to set aside the verdict.

Finally, we decline to entertain defendants' claim, raised for the first time on appeal, that plaintiffs' failure to submit a final judgment constitutes abandonment of the action under the provisions of 22 NYCRR 202.48. Were this argument preserved, we would find it to be meritless. 22 NYCRR 202.48 (a) provides that "[p]roposed orders or judgments * * * must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted", failing which the motion or action will be deemed abandoned unless good cause is shown (22 NYCRR 202.48 [b]). Although Supreme Court wrote to the parties suggesting that they agree on an amount due in order to avoid a foreclosure sale, the letter did not direct submission of a proposed judgment and, in fact, indicates that the matter had not reached the point where a final judgment could have been drafted. Moreover, by failing to raise this claim in Supreme Court, defendants precluded any development of the record in this regard, particularly relating to the question of "good cause" for any delay.

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the order is affirmed, with costs.