■ DIANE FANGER, Respondent-Appellant, v MANHATTAN LIFE INSURANCE COMPANY OF NEW YORK, N. Y., Appellant-Respondent. [709 NYS2d 622] —In an action to collect the proceeds of a life insurance policy, the defendant appeals, as limited by its brief, from so much of an order of Supreme Court, Nassau County (Phelan, J.), entered March 3, 1999, as denied its motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as denied her cross motion for summary judgment.

Ordered that the order is modified, on the law, by deleting the provision denying the plaintiff's cross motion and substituting a provision therefor granting the plaintiff's cross motion; as so modified, the order is affirmed, with costs to the plaintiff.

The defendant insurer issued a life insurance policy to the plaintiff's husband, who subsequently died. The insurer disclaimed benefits on the ground that the decedent policyholder had made a material misrepresentation on his policy application when he failed to disclose to the insurer's examining doctor that he had been in psychiatric treatment for mild obsessive-compulsive disorder. According to the insurer, the decedent should have disclosed this fact in response to a questionnaire administered by the insurer's examining physician, which asked whether the applicant had ever been treated for "Any other disorder, injury or impairment". The question was designated 7 (k) on the application, and it followed subparts (a) through (j), all of which dealt with physical disorders. The insurer also claims that the decedent should have disclosed his psychiatric treatment for his obsessive-compulsive disorder in response to question 6, which asked, "Have you had any health examinations or check-ups in the past five years?"

The insurer contends that the decedent's misrepresentations were material, first because his "disorder" interfered with his quality of life, and also because a medication he had taken in the past for the disorder was contraindicated for a person suffering from a heart condition, as he was.

The court should have granted the plaintiff's cross motion for

summary judgment. Questions 6 and 7 (k), in the context of the entire application and the other subparts of question 7, were not "so plain and intelligible that any applicant can readily comprehend" that they sought disclosure of the condition involved in this case and the treatment therefor (*see, Nadel v Manhattan Life Ins. Co.*, 211 AD2d 900). Ambiguities in an insurance policy must be construed against the insurer (*see, Thomas J. Lipton, Inc. v Liberty Mut. Ins. Co.*, 34 NY2d 356, 361). An insurer is held to a strict standard when it is endeavoring to avoid payment on its insurance contract because of answers to inquiries or declarations which it has framed (*see, Garcia v American Gen. Life Ins. Co.*, 264 AD2d 808; *Dineen v General Acc. Ins. Co.*, 126 App Div 167; *see also, Japour v Ryan & Sons Agency*, 215 AD2d 817, 818-819). An answer to an ambiguous question on an application for insurance cannot be the basis of a claim of misrepresentation by the insurer against its insured where, as here, a reasonable person in the insured's position could rationally have interpreted the question as he did (*see, e.g., Nadel v Manhattan Life Ins. Co., supra; see also, Berger v Manhattan Life Ins. Co.*, 805 F Supp 1097, 1104).

Whether or not a contract provision is ambiguous is a question of law to be resolved by a court (*see, e.g., Van Wagner Adv. Corp. v S & M Enters.*, 67 NY2d 186, 191; *Sutton v East Riv. Sav. Bank*, 55 NY2d 550, 554; *Kailasanathan v Mysorekar*, 234 AD2d 425). Accordingly, it was error for the court to have denied the plaintiff's cross motion for summary judgment finding that there was a question of fact as to whether the application question at issue was ambiguous. Because there was no factual issue for a jury to determine, the plaintiff's cross motion for summary judgment should have been granted. Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.