HALIT B. UYGUR et al., Appellants, v SUPERIOR WALLS OF HUDSON VALLEY, INC., Respondent. [826 NYS2d 154]—

In an action, inter alia, to recover damages for breach of an express warranty, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Sproat, J.), dated March 31, 2003, as granted those branches of the defendant's motion which were for summary judgment dismissing the second and fourth causes of action, and (2) from a judgment of the same court entered April 5, 2005, which, after a jury trial and upon the order, in effect, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In 1997 the plaintiffs entered into a building contract with Sharoll Shumate, doing business as Shumate Signature Homes (hereinafter Shumate), to construct a residence with a basement on land purchased by them in the state of Connecticut. The defendant, located in Dutchess County, New York, was retained as a subcontractor by Shumate, and manufactured and installed a prefabricated foundation system for the new home. However, the foundation system was installed in an area where the water table was only four feet below grade. It is undisputed that water infiltrated through the foundation system on a regular basis. Accordingly, the plaintiffs commenced this action against the defendant alleging, inter alia, breach of implied war-

ranty (second cause of action), breach of an express warranty that, inter alia, the foundation system was free of structural and manufacturing defects and was watertight (third cause of action), and violation of Connecticut's unfair trade practices statute (fourth cause of action).

Contrary to the plaintiffs' contention, the Supreme Court did not commit reversible error in failing to apply Connecticut law. In any case presenting a potential choice of law issue, the first step is to determine whether there is an actual conflict between the laws of the jurisdictions involved (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 223 [1993]). We perceive no substantive conflict between the applicable laws of New York and Connecticut in this case. Accordingly, there is no choice of law issue (*Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], supra* at 225).

Further, the defendant met its initial burden of demonstrating its entitlement to judgment as a matter of law, dismissing the second and fourth causes of action, and the plaintiffs failed to raise a triable issue of fact which would preclude summary relief (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, the Supreme Court properly granted those branches of the defendant's motion which were for summary judgment dismissing the second and fourth causes of action.

The jury's verdict that the defendant did not breach the express warranty was not against the weight of the evidence, because "[t]he jury, which was in the best position to assess the credibility of the witnesses, based its verdict upon a fair interpretation of the evidence presented" (*Romito v Panzarino*, 11 AD3d 444, 444 [2004]; *see Meldrim v Hill*, 260 AD2d 836, 838-839 [1999]; *Nicastro v Park*, 113 AD2d 129 [1985]). The jury reasonably could have concluded that the express warranty issued by the defendant was limited, such that the violation of any one of the several enumerated conditions placed on the builder therein voided coverage, and that at least one of those conditions was violated by Shumate (*see Meldrim v Hill, supra; cf. Kirkpatrick v Timber Log Homes*, 190 AD2d 1072 [1993]).

The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit. Santucci, J.P., Mastro, Fisher and Dillon, JJ., concur.