■ DOLORES MASSOT, Appellant, v UTICA FIRST INSURANCE COMPANY, Respondent, et al., Defendant. [828 NYS2d 342]—

Order, Supreme Court, New York County (Louis B. York, J.), entered November 9, 2005, which denied plaintiff's motion for summary judgment and granted defendant Utica's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this declaratory judgment action arising from Utica's disclaimer of coverage, although Classic Nails did not report plaintiff's injury until four months after it occurred it did so immediately upon being served with plaintiff's summons and complaint. Under the circumstances, given plaintiff's own testimony that she experienced no pain, considered the wound superficial, and did not initially seek medical treatment for her injury, Classic's four-month delay was reasonable (*see Kelly v Nationwide Mut. Ins. Co.*, 174 AD2d 481, 483 [1991]).

Nevertheless, contrary to plaintiff's assertion, and regardless of any interpretation of the term "unlicensed operator," Utica's denial of coverage on the additional basis of the policy's exclusion for services rendered by an unlicensed employee, or products or equipment used in violation of the law, which identified the applicable policy exclusion and set forth the factual basis for the insurer's position that the claim fell within such exclusion, was sufficiently specific to render such notice timely (*see* Insurance Law § 3420 [d]; *Realm Natl. Ins. Co. v Hermitage Ins. Co.*, 8 AD3d 110 [2004]). Moreover, the investigative reports submitted by Utica—finding no evidence the disputed service was rendered by a licensed pedicurist, and that the service was performed with a sharp instrument as prohibited by law—were sufficient to support Utica's reliance on the exclusion.

We have considered plaintiff's remaining arguments and find them without merit. Concur—Mazzarelli, J.P., Andrias, Sullivan and Sweeny, JJ.