ANA DiSTEFANO, Plaintiff, v KMART CORPORATION INTERNATIONAL, Appellant, and THYSSENKRUPP ELEVATOR CORPORATION, Respondent, et al., Defendant. [931 NYS2d 875]—

There is no conflict between New York and Michigan law on the issue presented. Thus, the dispute of which state's law should be applied need not be resolved by this Court (*see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.]*, 81 NY2d 219, 225 [1993]; *Uygur v Superior Walls of Hudson Val., Inc.*, 35 AD3d 447, 448 [2006]).

The court properly dismissed Kmart's cross claim for contractual indemnification. The indemnity provision of the parties' agreement was not triggered by plaintiff's claim because the evidence, which included, inter alia, Kmart's own expert witness and Department of Buildings records, showed that no malfunction of the subject elevator occurred and that plaintiff's negligence was the sole cause of her accident. Accordingly, plaintiff's accident did not "aris[e] out of [or] in connection with [TEC's] performance or failure of performance" of its work under the agreement (*see Dos Santos v Power Auth. of State of N.Y.*, 85 AD3d 718, 721-722 [2011]; *Rosen v New York City Tr. Auth.*, 295 AD2d 126 [2002]; *compare Margolin v New York Life Ins. Co.*, 32 NY2d 149 [1973]).

We have considered Kmart's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P. Saxe, Acosta, DeGrasse and Manzanet-Daniels, JJ.