■ JANET CHANG, Respondent, v LARAINE BOTSACOS, Appellant. [939 NYS2d 377]

Defendant failed to preserve her arguments that entry of the judgment was untimely pursuant to 22 NYCRR 202.48 (a) (*see McCue v McCue*, 225 AD2d 975, 976 [1996]), and that plaintiff abandoned the action pursuant to 22 NYCRR 202.48 (b) (*see Meldrim v Hill*, 260 AD2d 836, 839 [1999]). Were we to reach these arguments, we would find that the 60-day time limit in 22 NYCRR 202.48 (a) "applies only where the court explicitly directs that the proposed judgment or order be settled or submitted for signature" (*Funk v Barry*, 89 NY2d 364, 365 [1996]). Here, there was no such explicit direction (*see Meldrim* at 839; *McCue* at 976-977).

Defendant Thomas Cartelli was deposed before trial but had died by the time of trial. Contrary to defendant's contention, plaintiff's reading of Cartelli's deposition testimony at the trial did not violate the Dead Man's Statute (CPLR 4519; *see Tepper v Tannenbaum*, 87 Misc 2d 829, 838 [1976], *revd on other grounds* 65 AD2d 359 [1978]; CPLR 3117 [a] [3] [i]). Concur—Mazzarelli, J.P., Andrias, Catterson, Abdus-Salaam and Manzanet-Daniels, JJ.