Amended judgment, Supreme Court, New York County (Louis B. York, J.), entered July 13, 2011, after a jury trial, awarding plaintiffs damages, and bringing up for review an order, same court and Justice, entered January 6, 2010, which, to the extent appealed from as limited by the briefs, denied the respective motions of defendant/third-party defendant Prudential Securities Incorporated, defendant/third-party plaintiff Ten Ten Company, and second third-party defendant Roland’s Electric for judgment notwithstanding the verdict or a new trial on li *432 ability and damages, granted Prudential’s motion for judgment on its cross claims for common-law and contractual indemnification against Roland’s, denied Prudential’s motion for a posttrial hearing on attorneys’ fees, granted defendant/second third-party plaintiff Schmergel Construction Corp.’s motion for judgment on its second third-party claims for common-law and contractual indemnification against Roland’s, denied Ten Ten’s motion for judgment on its cross claim for common-law indemnification against Roland’s and third-party claim for contractual indemnification against Prudential, unanimously modified, on the law, to the extent of granting Ten Ten’s motion, adding a decretal paragraph to the amended judgment awarding Prudential and Schmergel contractual and common-law indemnification against Roland’s, granting Prudential’s motion for a posttrial hearing on attorneys’ fees and remitting the matter to the Supreme Court for such a hearing, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The amended judgment awarding damages and interest against Ten Ten, Schmergel and Prudential is valid and enforceable, even though the verdict sheet did not indicate a finding of liability against those defendants. The defendants, conceding that they would be vicariously liable upon a finding of Roland’s negligence (see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 349-350 [1998]), urged the court to leave their names off the verdict sheet. Further, the court instructed the jury that if it found Roland’s liable, then the defendants would be liable, and those instructions were noted in the amended judgment.
Roland’s failed to preserve its argument that Prudential and Schmergel had abandoned their motions for indemnification because the proposed judgment was not submitted for signature within the time period set forth in 22 NYCRR 202.48 (a) (see Chang v Botsacos, 92 AD3d 610 [1st Dept 2012]). In any event, the record does not support its claim.
The absence of a decretal paragraph in the amended judgment awarding Prudential and Schmergel common-law and contractual indemnification against Roland’s is merely an irregularity that can be cured by another amended judgment (see CPLR 5019 [a]). Indeed, the factual recitation in the amended judgment noted that the court had granted indemnification in an order that was attached to the judgment.
The evidence at trial permitted the jury to rationally conclude that a violation of Industrial Code (12 NYCRR) § 23-1.13 (b) (4) had proximately caused plaintiff’s injuries (see Cohen v *433 Hallmark Cards, 45 NY2d 493, 499 [1978]). The court properly gave a missing document charge regarding a missing accident report, as there was sufficient evidence for the jury to reasonably conclude that an accident report had been prepared (see Krin v Lenox Hill Hosp., 88 AD3d 597 [1st Dept 2011]). Although the court erred in extending the charge to all the defendants, as opposed to only Ten Ten, the error was harmless.
The award for future lost earnings was sufficiently supported by the evidence, as the expert medical testimony showed that plaintiff was physically unable to work due to his injuries (see generally Balbuena v IDR Realty LLC, 6 NY3d 338, 361 [2006]). The jury award of $1,000,000 for past pain and suffering over eight years, and $2,166,666.67 for future pain and suffering over 25.8 years, does not deviate materially from what is considered reasonable compensation (see CPLR 5501 [c]). Indeed, the evidence showed that plaintiff had sustained fractures to his tibia and fibula, underwent leg surgery entailing installation of a metal rod and screws in his leg, sustained back injuries, and suffered from reflex sympathetic dystrophy, complex regional pain syndrome, depression, sleep disorder, and sexual dysfunction (see Serrano v 432 Park S. Realty Co., LLC, 59 AD3d 242, 243 [1st Dept 2009], lv denied 13 NY3d 711 [2009]). Nor was the award of $341,666.66 to plaintiffs wife for past loss of services for eight years, and $0 for future loss of services, excessive, given the evidence showing that plaintiff could no longer help care for the children, perform household chores, take his wife out, or engage in intimate relations (see Villaseca v City of New York, 48 AD3d 218 [1st Dept 2008]).
Prudential waived its claim for contractual indemnification against Schmergel as it failed to appeal from the court’s October 2004 order denying its motion for summary judgment on its claim against Schmergel, and dismissing the complaint and the third party complaint.
Prudential’s entitlement to contractual indemnification from Roland’s arises from its capacity as a third-party beneficiary of the contract between Schmergel and Roland’s and not, as the court found, pursuant to a nonexistent contract between Prudential and Roland’s. Pursuant to the contract between Schmergel and Roland’s, Prudential is entitled to attorneys’ fees. With respect to Prudential’s common-law indemnification claim against Roland’s, the court should have awarded attorneys’ fees for Prudential’s defense of the main action. Prudential, however, is not entitled to recover fees incurred in prosecuting the common-law indemnification claim (see Chapel v Mitchell, 84 NY2d 345, 348 [1994]). The matter is remanded *434 for a hearing to determine the amount of attorneys’ fees owed by Roland’s.
The court should have granted Ten Ten’s motion for judgment on its common-law indemnification cross claim against Roland’s. Contrary to the court’s conclusion, Ten Ten could properly bring the cross claim against Roland’s (see CPLR 3019 [b]; 1 Michael H. Barr et al., New York Civil Practice Before Trial § 14:646 at 14-64 [2011]). Ten Ten is also entitled to contractual indemnification from Prudential pursuant to the terms of the lease between the parties. Because Ten Ten’s liability is vicarious, and not based on its own negligence, General Obligations Law § 5-322.1 is inapplicable (see Linarello v City Univ. of N.Y., 6 AD3d 192, 193-194 [1st Dept 2004]; Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178-181 [1990]).
We have reviewed the remaining contentions, including the challenges to the court’s various rulings during trial, and find them unavailing. Concur—Mazzarelli, J.P., Moskowitz, Richter, Abdus-Salaam and Feinman, JJ.
Motion to strike brief granted.