■ S BROS. INC., Appellant, v LEADING INSURANCE SERVICES, INC., Respondent. [998 NYS2d 623]—Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered September 18, 2013, which granted defendant's motion to dismiss the complaint, pending a hearing on the reasonable amount of legal fees incurred by plaintiff during the period that the initial disclaimer was in effect, unanimously affirmed, with costs.

Plaintiff commenced this declaratory action approximately one month after asking defendant to reconsider its disclaimer of coverage in connection with the underlying action. Just over a month later, defendant rescinded its disclaimer of coverage and agreed to provide plaintiff with a defense in that action and to reimburse it for the reasonable legal fees it had already incurred therein.

We reject plaintiff's contention that defendant's initial refusal to defend it was an act of bad faith. The record does not evince a "conscious campaign calculated to delay and avoid payment on [plaintiff's] claims" (*see Acquista v New York Life Ins. Co.*, 285 AD2d 73, 78 [1st Dept 2001]). Moreover, defendant had an arguable basis for disclaiming coverage (*see Dawn Frosted Meats v Insurance Co. of N. Am.*, 99 AD2d 448 [1st Dept 1984], *affd* 62 NY2d 895 [1984]). Although the plaintiff in the underlying action asserted a claim styled "breach of fiduciary duty and negligence," her factual allegations of the knowing release of private medical information to an unauthorized third party, could fall within the policy's exclusion for injury caused by the insured with the knowledge that the act would cause the injury.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Gische, JJ.