■ 24 Fifth Owners, Inc., et al., Appellants, v Sirius America Insurance Company, Now Known as Delos Insurance Company, Respondent, et al., Defendants. [998 NYS2d 632]—

Order, Supreme Court, New York County (Carol Robinson Edmead, J.), entered June 14, 2013, which denied plaintiffs' motion for summary judgment, unanimously affirmed, with costs.

Plaintiffs' claim that Sirius's disclaimer letter did not specify that the late notice defense was based on the time that had elapsed between 24 Fifth Owners, Inc.'s receipt of the underlying complaint and the tender to Sirius, even considered for the first time on appeal as a purely legal argument (cf. Titova v D'Nodal, 117 AD3d 431, 431 [1st Dept 2014]), is unavailing, as the letter, which also referenced the policy condition relied upon, sufficiently apprised plaintiffs that notice was considered untimely relative to either event—the date of occurrence or of receipt of the lawsuit (see Massot v Utica First Ins. Co., 36 AD3d 499, 499 [1st Dept 2007], lv denied 8 NY3d 812 [2007]).

Where an insurance policy requires an insured to provide notice "as soon as practicable" after an occurrence, such notice must be provided within a reasonable time under all the facts and circumstances of each case (Heydt Contr. Corp. v American Home Assur. Co., 146 AD2d 497, 498 [1st Dept 1989], lv dismissed 74 NY2d 651 [1989]), and the question of such reasonableness is generally a factual question for a jury (see Jenkins v Burgos, 99 AD2d 217, 219-220 [1st Dept 1984]). Concur—Gonzalez, P.J., Friedman, Andrias, Gishe and Kapnick, JJ.