■ JLS Industries, Inc., Respondent, v Delos Insurance Co. et al., Appellants, and Affiliated Agency, Inc., et al., Respondents. [9 NYS3d 19]—

Order, Supreme Court, New York County (Shlomo S. Hagler, J.), entered September 24, 2014, which denied defendant Delos Insurance Co.'s motion for summary judgment dismissing the complaint and a declaration that it is not obligated to indemnify or defend plaintiff in the underlying action, unanimously modified, on the law, to the extent of granting that portion of the motion seeking dismissal of plaintiffs' claims for bad faith and recovery of defense costs, and otherwise affirmed, without costs.

In this declaratory judgment action, plaintiff insured seeks coverage in a third-party action commenced against it in 2010, for claims relating to an accident that occurred in 2005. Plaintiff maintains that it did not have any knowledge of the accident until 2008 when it received a nonparty subpoena in the underlying personal injury action. It further maintains that upon learning of the accident, it believed that it was not liable and had no reason to believe that it would be named as a party to the action. After receiving notice of the third-party action, defendant insurer denied coverage in letters dated June 21, 2010 and July 19, 2010, on the ground that plaintiff failed "to provide timely notice of the claim or suit as soon as practicable," set forth the policy notice provisions relied upon, and the factual basis for defendant insurer's position. The letters sufficiently apprised plaintiff that notice was considered untimely relative to both the date of occurrence and the receipt of the lawsuit (*see 24 Fifth Owners, Inc. v Sirius Am. Ins. Co.*, 124 AD3d 551 [1st Dept 2015]).

However, there is an issue of fact under the circumstances here as to whether plaintiff's belief in nonliability was reasonable (*see 24 Fifth Owners, Inc. v Sirius Am. Ins. Co.*, 124 AD3d 551 [1st Dept 2015]). In addition to the issue of plaintiff's knowledge of the accident or lack thereof, there are questions of fact as to whether, or to what extent, plaintiff had control over the subject area at the time of the accident. Accordingly, the motion for summary judgment was properly denied.

Plaintiff's bad faith claim should, however, have been

dismissed. There is no evidence that defendants acted in "gross disregard" of plaintiff's interests (*see Pavia v State Farm Mut. Auto. Ins. Co.*, 82 NY2d 445, 453 [1993]), since they carried out an investigation, and disclaimed based on the facts then known and the applicable case law.

Equally unavailing is plaintiff's claim to recover defense costs for the declaratory action, since "[n]o fees are recoverable where, as here, it is the insured who initiated [the] legal action to determine its rights under the policy" (*Mazzuoccolo v Cinelli*, 245 AD2d 245, 248 [1st Dept 1997]). Concur—Tom, J.P., Sweeny, Manzanet-Daniels, Clark and Kapnick, JJ.