Liang v Progressive Cas. Ins. Co. (2019 NY Slip Op 03327)





Liang v Progressive Cas. Ins. Co.


2019 NY Slip Op 03327


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-05708
 (Index No. 1087/14)

[*1]Jian H. Liang, etc., respondent, 
v
Progressive Casualty Insurance Company, etc., appellant.


Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka, Andrea M. Alonso, and Kenneth E. Pitcoff of counsel), for appellant.
Morelli Law Firm PLLC, New York, NY (Sara A. Strickland of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated May 4, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action alleging bad faith in denying benefits to the plaintiff under the underinsured motorist coverage of the plaintiff's insurance policy with the defendant, and substituting therefor a provision granting that branch of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.
In 2005, Rui Liang and her husband, Zhi Lu, applied for automobile insurance with the defendant, Progressive Casualty Insurance Company (hereinafter Progressive). The address Liang and Lu provided on the application was in Randolph, Vermont, and they were the only two people listed in the section for drivers and household residents. Progressive, Liang, and Lu subsequently entered into a "Vermont Auto Policy Insuring Agreement" (hereinafter the policy), which was renewed multiple times. The policy contained an uninsured/underinsured motorist provision, which applied to the named insureds, who are Liang and Lu, or a "relative." In relevant part, "relative" was defined in the policy to mean "a person residing in the same household" as the named insured and related by blood or marriage.
On April 25, 2012, Liang's mother, Bi Y. Guan (hereinafter the decedent), was struck and killed by an ambulette while crossing a street in Brooklyn. The ambulette allegedly was underinsured. At the time of her death, the decedent lived on East 14th street in Brooklyn, in a house owned by Liang and Lu (hereinafter the Brooklyn premises). The plaintiff, who is Liang's brother and the decedent's son, was appointed as the administrator of the decedent's estate.
In January 2014, the plaintiff commenced this action against Progressive alleging breach of contract and bad faith in denying benefits to the plaintiff under the underinsured motorist coverage of the policy arising from Progressive's refusal to pay underinsured motorist benefits for the decedent under the policy. In August 2016, Progressive moved for summary judgment dismissing the complaint. By order dated May 4, 2017, the Supreme Court denied Progressive's motion. Progressive appeals.
Contrary to the plaintiff's contention, there is no choice of law issue (see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223; Uygur v Superior Walls of Hudson Val., Inc., 35 AD3d 447, 448). In any case presenting a potential choice of law issue, the first step is to determine whether there is an actual conflict between the laws of the jurisdictions involved (see Matter of Allstate Ins. Co. [Stolarz—New Jersey Mfrs. Ins. Co.], 81 NY2d at 223; Uygur v Superior Walls of Hudson Val. Inc., 35 AD3d at 448). We perceive no substantive conflict between the applicable laws of New York and Vermont in this case.
Progressive failed to establish its prima facie entitlement to judgment as a matter of law dismissing the breach of contract cause of action. Progressive contends that Liang was one of the named insureds, and that the policy required her to reside in the same household as her mother, the decedent, in order for the decedent to be covered under the underinsured motorist provision. The terms "residing" and "household" are not defined in the policy, making the definition of "relative" ambiguous (see Auerbach v Otsego Mut. Fire Ins. Co., 36 AD3d 840, 841). An individual can have more than one residence for purposes of insurance coverage (see Matter of Progressive N. Ins. Co. v Pedone, 139 AD3d 958, 959).
Under the circumstances presented here, contrary to Progressive's contention, there are triable issues of fact as to whether the Brooklyn premises was Liang's household and whether she resided at the Brooklyn premises within the meaning of the policy (see Vincel v State Farm Fire & Cas. Co., 136 AD3d 893, 894; Hochhauser v Electric Ins. Co., 46 AD3d 174, 184-185). Although Liang averred in her affidavit in opposition to Progressive's motion that in 2002 she and Lu began living and working in Vermont, she also averred that she considered the Brooklyn premises her second residence. Liang testified at her deposition that, in addition to the decedent and Ms. Liang's father, her three sons lived in the Brooklyn premises until each son went to college and at various times thereafter. Liang and Lu each testified at their depositions that between 2002 and 2012, Liang would stay with their family in the Brooklyn premises on average about seven or eight times per year for around three days at a time, in addition to certain holidays and vacations. Liang testified that she kept clothes and other belongings at the Brooklyn premises. Although Liang had a Vermont driver's license, her tax returns during the relevant time period list the address for the Brooklyn premises, and she served as a juror in New York.
Progressive also failed to demonstrate its prima facie entitlement to judgment as a matter of law on the breach of contract cause of action based on an alleged material misrepresentation by Liang. "[T]o establish its right to rescind an insurance policy, an insurer must demonstrate that the insured made a material misrepresentation" (Parmar v Hermitage Ins. Co., 21 AD3d 538, 540 [internal quotation marks omitted]). " A misrepresentation is material if the insurer would not have issued the policy had it known the facts misrepresented'" (id. at 540, quoting Zilkha v Mutual Life Ins. Co. of N.Y., 287 AD2d 713, 714; see Insurance Law § 3105[b]). The issue of materiality is generally a question of fact for the jury (see Parmar v Hermitage Ins. Co., 21 AD3d at 540). "To establish materiality as a matter of law, the insurer must present documentation concerning its underwriting practices, such as underwriting manuals, bulletins, or rules pertaining to similar risks, which show that it would not have issued the same policy if the correct information had been disclosed in the application" (id. at 540).
Here, contrary to Progressive's contention, it failed to establish that Liang made a misrepresentation on the application for insurance, as "household residents" was not defined in the application and was ambiguous under the circumstances here (see Fanger v Manhattan Life Ins. Co. of N.Y., 273 AD2d 438, 439; Nadel v Manhattan Life Ins. Co., 211 AD2d 900, 901-902). Furthermore, the conclusory statement by Progressive's litigation underwriter that the policy premium "may have been increased" by the addition of another individual as a resident of their household was insufficient to establish materiality as a matter of law (see Parmar v Hermitage Ins. Co., 21 AD3d at 541).
Accordingly, we agree with the Supreme Court's denial of that branch of Progressive's motion which was for summary judgment dismissing the breach of contract cause of action, regardless of the sufficiency of the opposing papers.
However, the Supreme Court should have granted that branch of Progressive's motion which was for summary judgment dismissing the bad faith in denying benefits cause of action. "[I]n [*2]order to establish a prima facie case of bad faith, the plaintiff must establish that the insurer's conduct constituted a gross disregard of the insured's interests" (Pavia v State Farm Mut. Auto. Ins. Co., 82 NY2d 445, 453 [internal quotation marks omitted]) and that the "insurer engaged in a pattern of behavior evincing a conscious or knowing indifference to the interests of the insured" (Bennion v Allstate Ins. Co., 284 AD2d 924, 926 [internal quotation marks omitted]).
Here, Progressive established, prima facie, that it did not act in bad faith, since its conduct, under the circumstances, did not constitute a gross disregard of Liang's interests. Progressive conducted an investigation and had an arguable basis for disclaiming coverage (see Financial Servs. Veh. Transit v Saad, 137 AD3d 849, 853; JLS Indus., Inc. v Delos Ins. Co., 127 AD3d 645, 646; S Bros. Inc. v Leading Ins. Servs., Inc., 124 AD3d 498, 499). In opposition, the plaintiff's conclusory assertions failed to raise a triable issue of fact as to whether Progressive's conduct constituted a gross disregard of Liang's interests (see Bennion v Allstate Ins. Co., 284 AD2d at 926).
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court