Cross Country Staffing, Inc. v Allied World Assur. Co., Inc. (2024 NY Slip Op 04372)

Cross Country Staffing, Inc. v Allied World Assur. Co., Inc.

2024 NY Slip Op 04372

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-04552
 (Index Nos. 611185/17, 617350/17)

[*1]Cross Country Staffing, Inc., plaintiff,
v
Allied World Assurance Company, Inc., et al., defendants. (Action No. 1)
Nightingale Nurses, LLC, appellant,
v
Allied World Assurance Company, Inc., et al., defendants, Allied World Surplus Lines Insurance Company, respondent. (Action No. 2)

Troutman Pepper Hamilton Sanders LLP, New York, NY (Joshua A. Dachs, Brandon D. Almond, pro hac vice, and Sophia N. Dauria of counsel), for respondent and defendants Allied World Assurance Company, Inc., and Allied World Assurance Company.
Victor A. Carr, Mineola, NY (Thomas J. Stock of counsel), for appellant.

DECISION & ORDER
In two related actions, inter alia, for a judgment declaring that Allied World Surplus Lines Insurance Company, a defendant in Action Nos. 1 and 2, has a duty to defend and indemnify Nightingale Nurses, LLC, a defendant in Action No. 1 and the plaintiff in Action No. 2, in an underlying action entitled Momah v Huntington Hospital, pending in the Supreme Court, Suffolk County, under Index No. 35712/12, and a related third-party action, which were joined for discovery and trial, Nightingale Nurses, LLC, appeals from an order of the Supreme Court, Suffolk County (Joseph Farneti, J.), dated May 8, 2020. The order, insofar as appealed from, denied the motion of Nightingale Nurses, LLC, for summary judgment on the complaint in Action No. 2 insofar as asserted against Allied World Surplus Lines Insurance Company.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2011, Nightingale Nurses, LLC, a defendant in Action No. 1 and the plaintiff in Action No. 2 (hereinafter Nightingale), employed Ricardo Managuas, a defendant in Action Nos. 1 and 2, as a nurse. Nightingale subcontracted with Cross Country Staffing, Inc. (hereinafter Cross Country), the plaintiff in Action No. 1 and a defendant in Action No. 2, to provide, among others, Managuas, to work as a nurse at Huntington Hospital, a defendant in Action Nos. 1 and 2. According to an affidavit sworn to by Michael List, Nightingale's chief operating officer during the relevant time period, in December 2012, Cross Country notified Nightingale by telephone that Managuas had been named as a defendant in an action (hereinafter the underlying medical malpractice action). List also acknowledged receiving an email in December 2012 in which Cross Country indicated that Huntington Hospital had received a summons and complaint in connection with the underlying medical malpractice action that named Managuas as a defendant in that action. [*2]Nightingale did not notify its insurance carrier, Allied World Surplus Lines Insurance Company, a defendant in Action Nos. 1 and 2 (hereinafter Allied), of the underlying medical malpractice action at this time.
In or around August 2015, Nightingale first received a copy of the summons and complaint in the underlying medical malpractice action. Thereafter, Nightingale promptly notified Allied of the underlying medical malpractice action. In September 2015, Cross Country formally demanded that Nightingale indemnify and defend it in connection with the underlying medical malpractice action. In a letter dated December 24, 2015, Allied disclaimed coverage on the ground that the notice was not timely under the provisions of Nightingale's insurance policy with Allied that covered the period between July 1, 2012, and July 1, 2013 (hereinafter the 2012 policy).
In May 2016, Huntington Hospital, among others, commenced a third-party action in the underlying medical malpractice action against, among others, Nightingale (hereinafter the third-party action). Upon receipt of the pleadings in the third-party action, Nightingale immediately notified Allied and requested coverage under the insurance contract covering the period encompassing July 1, 2015, to July 1, 2016. In a letter dated July 6, 2016, Allied disclaimed coverage in connection with the third-party action.
Nightingale commenced Action No. 2, which sought, inter alia, a judgment declaring that Allied was obligated to defend and indemnify it and its employee Managuas in the underlying medical malpractice action and in the third-party action. Thereafter, Nightingale moved for summary judgment on the complaint in Action No. 2 insofar as asserted against Allied. In an order dated May 8, 2020, the Supreme Court, among other things, denied Nightingale's motion. Nightingale appeals.
"Where an insurance policy requires that notice of an occurrence be given 'as soon as practicable,' notice must be given within a reasonable time in view of all of the circumstances" (ZL v Zurich Am. Ins. Co., 214 AD3d 846, 848; see Great Canal Realty Corp. v Seneca Ins. Co., Inc., 5 NY3d 742, 743). "The insured's failure to satisfy the notice requirement constitutes a failure to comply with a condition precedent which, as a matter of law, vitiates the contract" (Plotkin v Republic-Franklin Ins. Co., 177 AD3d 790, 792 [internal quotation marks omitted]; see Argo Corp. v Greater N.Y. Mut. Ins. Co., 4 NY3d 332, 339).
In support of its motion for summary judgment on the complaint in Action No. 2 insofar as asserted against Allied, Nightingale submitted, inter alia, a copy of the 2012 policy. Pursuant to the 2012 policy, Allied agreed to provide coverage to Nightingale for losses "as a result of a Claim alleging a Medical Professional Incident," as long as, among other things, "notice of such Claim is given to [Allied]" "as soon as practicable." The policy defined a "claim" as "a suit or other written demand seeking monetary damages otherwise covered by this Policy." The policy also stated that "[a]ll Related Claims . . . shall be deemed to be a single Claim and shall be deemed to have been first made on the earliest of" the date of the earliest claim or the date of the first written notice. It is undisputed that the 2012 policy was renewed by Nightingale and Allied several times and was in effect during 2016.
Given the plain language of the 2012 policy, Nightingale's contention that it was only required to notify Allied of the underlying medical malpractice action upon receipt of a copy of the summons and complaint in the underlying medical malpractice action is without merit. "[C]ourts should be extremely reluctant to interpret an agreement as impliedly stating something which the parties have neglected to specifically include" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [internal quotation marks omitted]). Here, the plain language of the 2012 policy did not limit Nightingale's obligation to report a claim to Allied only upon Nightingale's receipt of the pleadings in the underlying medical malpractice action.
Moreover, Nightingale acknowledged that it first learned of the underlying medical malpractice action in December 2012, when Cross Country notified List by telephone that Managuas had been named as a defendant in the underlying medical malpractice action, and by email in December 2012 in which Cross Country indicated that Huntington Hospital had received a summons and complaint in connection with the underlying medical malpractice action that named Managuas [*3]as a defendant in that action. Despite this knowledge, Nightingale admitted that it did not notify Allied about the underlying medical malpractice action until August 2015, when Nightingale first received a copy of the summons and complaint in that action. Given these undisputed facts, contrary to Nightingale's contention, Nightingale failed to establish, prima facie, that it timely notified Allied of the underlying medical malpractice action when it first notified Allied of that action in August 2015. Therefore, Nightingale failed to establish, prima facie, that Allied was obligated to provide coverage for Nightingale in connection with the underlying medical malpractice action and the third-party action (see JLS Indus., Inc. v Delos Ins. Co., 127 AD3d 645, 645).
Accordingly, the Supreme Court properly denied Nightingale's motion for summary judgment on the complaint in Action No. 2 insofar as asserted against Allied, without regard to the sufficiency of Allied's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., CHAMBERS, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court